Scott A. Powell  (*pro hac vice*)
HARE, WYNN, NEWELL & NEWTON, LLP
2025 Third Avenue North, 8th Floor
Birmingham, AL 35203
Scott@hwnn.com
Phone: (205) 328-5330
Fax: (205) 324-2165
*Attorney for Plaintiff Kewmarse Imani*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION** | Case No. 3:19-md-02913-WHO  Honorable William H. Orrick |
| **This Document Relates to:**  ***KEWMARSE IMANI, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED***  **3:20-CV-1105-WHO** | **JURY TRIAL DEMANDED**  **CLASS ACTION** |

**AMENDED CLASS-ACTION COMPLAINT / SHORT-FORM COMPLAINT AND DEMAND FOR JURY TRIAL (PERSONAL INJURY)**

The Plaintiff named below files this *Short-Form Complaint and Demand for Jury Trial* against Defendants named below by and through the undersigned counsel. Plaintiff incorporates by reference the allegations contained in *Plaintiffs' Consolidated Master Complaint (Personal Injury),* in *In re Juul Labs, Inc., Marketing, Sales Practices, and Products Lability Litigation,* MDL No. 2913 in the United States District Court for the Northern District of California. Plaintiff files this *Short-Form Complaint* as permitted by Case Management Order No. 7 of this Court.

 Plaintiff selects and indicates by checking-off where requested, the Parties and Causes of Actions specific to this case.[1]

Plaintiff, by and through his undersigned counsel, on behalf of himself and a class defined as "All Oregon residents who have purchased or used JUUL's electronic cigarettes or JUUL pods," alleges as follows:

---

[1] If Plaintiff wants to allege additional Cause(s) of Action other those selected in paragraph 10, the specific facts supporting any such additional Cause(s) of Action, must be pled in a manner complying with the requirements of the Federal Rules of Civil Procedure (*see* paragraph 11). In doing so you may attach additional pages to this *Short-Form Complaint*.

## I. DESIGNATED FORUM[2]

1. Identify the Federal District Court in which the Plaintiff would have filed in the absence of direct filing:

   **District of Oregon**

   ("Transferee District Court").

## II. IDENTIFICATION OF PARTIES

### A. PLAINTIFF

2. *Injured Plaintiff:* Name of the individual injured due to use of JUUL products:

   **Kewmarse Imani, on behalf of himself and all Oregon residents who have purchased or used JUUL's electronic cigarettes or JUUL pods.**

   ("Plaintiff").

3. At the time of the filing of this *Short-Form Complaint*, Plaintiff resides at:

   **Eugene, Oregon**

4. *Consortium Plaintiff:* Name of the individual(s) that allege damages for loss of consortium:

   **N/A**

5. *Survival and/or Wrongful Death Claims*:

   (a) Name and residence of Decedent Plaintiff when he/or she suffered a JUUL related death:

   **N/A**

   (b) Plaintiff/Decedent died on:

   **N/A**

   (c) Plaintiff is filing this case in a representative.

   **N/A**

---

[2] *See* Case Management Order No. 3, at II(C) (ECF No. 309).

B. **DEFENDANTS**

6. Plaintiff names the following Defendants in this action

☒ JUUL LABS, INC., previously d/b/a as PAX LABS, INC. and PLOOM INC.;[3]

☒ ALTRIA GROUP, INC.;[4]

☒ PHILIP MORRIS USA, INC.;[5]

☒ ALTRIA CLIENT SERVICES LLC;[6]

☒ ALTRIA GROUP DISTRIBUTION COMPANY;[7]

☒ ALTRIA ENTERPRISES LLC;[8]

**THE MANGEMENT DEFENDANTS**

☒ JAMES MONSEES;[9]

☒ ADAM BOWEN;[10]

☒ NICHOLAS PRITZKER;[11]

☒ HOYOUNG HUH;[12]

☒ RIAZ VALANI;[13]

**THE E-LIQUID MANUFACTURING DEFENDANTS**

---

[3] Delaware corporation, with its principal place of business in San Francisco, California.

[4] Virginia corporation, with its principal place of business in Richmond, Virginia.

[5] Virginia corporation with its principal place of business in Richmond, Virginia.

[6] Virginia limited liability company with its principal place of business in Richmond, Virginia.

[7] Virginia corporation with its principal place of business in Richmond, Virginia.

[8] Virginia limited liability company with its principal place of business in Richmond, Virginia.

[9] A resident of California.

[10] A resident of California.

[11] A resident of California.

[12] A resident of California.

[13] A resident of California.

☐ MOTHER MURPHY'S LABS, INC.;[14]

☐ ALTERNATIVE INGREDIENTS, INC.;[15]

☐ TOBACCO TECHNOLOGY, INC.;[16]

☐ eLIQUITECH, INC.;[17]

**THE DISTRIBUTOR DEFENDANTS**

☒ MCLANE COMPANY, INC.;[18]

☒ EBY-BROWN COMPANY, LLC;[19]

☒ CORE-MARK HOLDING COMPANY, INC.;[20]

**THE RETAILER DEFENDANTS**

☐ CHEVRON CORPORATION;[21]

☐ CIRCLE K STORES INC.;[22]

☐ SPEEDWAY LLC;[23]

☐ 7-ELEVEN, INC.;[24]

☐ WALMART;[25]

---

[14] North Carolina corporation, with a principal place of business in North Carolina.

[15] North Carolina corporation, with a principal place of business in North Carolina.

[16] Maryland corporation, with a principal place of business in Maryland.

[17] Maryland corporation, with a principal place of business in Maryland.

[18] Texas corporation with a principal place of business in Texas.

[19] Delaware limited liability company with a principal place of business in Illinois.

[20] Delaware corporation. From 2015-2018, principal place of business California; as of 2019, principal place of business Texas.

[21] Delaware corporation with a principal place of business in California.

[22] Texas corporation with a principal place of business in Arizona.

[23] Delaware corporation with a principal place of business in Ohio.

[24] Texas corporation with a principal place of business in Texas.

[25] Delaware corporation with a principal place of business in Arkansas.

- 4 -

*IMANI (CLASS ACTION) vs. JLI, et al.* 3:20-cv1105-WHO-
AMENDED COMPLAINT -- SHORT-FORM COMPLAINT AND JURY DEMAND
(PERSONAL INJURY)

☐ WALGREENS BOOTS ALLIANCE, INC.[26]

**C.   PRODUCT USE**

7.   Plaintiff used JUUL during the time period including from January 2018 through July 2019 and that use caused and or substantially contributed to his injury.

**D.   PHYSICAL INJURY**[27]

8.   The Plaintiff experienced the following physical condition, injury or illness alleged to have been caused and or contributed to as a substantial factor by JUUL:

☒ ADDICTION

☒ NICOTINE POISIONING

☐ BEHAVIORAL ISSUES/MENTAL HEALTH (check all that apply):
  ☐ ANGER/OUTBURSTS
  ☐ MOOD SWINGS
  ☐ IRRITABILITY
  ☐ SUICIDAL THOUGHTS
  ☐ SUICIDAL ATTEMPTS
  ☐ DEATH BY SUICIDE
  ☐ OTHER (specify): _____

☐ COGNITIVE ISSUES (check all that apply):
  ☐ ATTENTION DEFICIT DISORDER
  ☐ LEARNING IMPAIRMENTS
  ☐ LACK OF CONCENTRATION
  ☐ TROUBLE SLEEPING
  ☐ OTHER (specify):_____

---

[26] Delaware corporation with a principal place of business in Illinois.

[27] Plaintiff(s) must check-off all physical injuries allegedly caused by Plaintiff's use of JUUL. Plaintiff is not required to plead here emotional or psychological injuries, or all manifestations of the physical injury alleged which will be inquired into as part of the Plaintiff's Fact Sheet ("PFS"). This *Short-Form Complaint* assumes that emotional and psychological damages are asserted by the Plaintiff.


Case 3:20-cv-01105-WHO   Document 14   Filed 04/13/20   Page 6 of 11

☐ CARDIOVASCULAR (check all that apply):
  ☐ HEART ATTACK
  ☐ OTHER CARDIOVASCULAR DIAGNOSIS (specify) _____

☒ NEUROLOGIC (check all that apply):
  ☒ SEIZURES
  ☐ STROKE

☐ RESPIRATORY/LUNG (check all that apply):
  ☐ ACUTE EOSINOPHILIC PNEUMONIA/PULMONARY EOSINOPHILIA
  ☐ ACUTE INTERSTITIAL PNEUMONITIS OR ACUTE PNEUMONIA
  ☐ ACUTE RESPIRATORY DISTRESS SYNDROME (ARDS)
  ☐ ASTHMA
  ☐ BRONCHITIS
  ☐ CHRONIC LUNG PROBLEMS
  ☐ CHRONIC OBSTRUCTIVE PULMONARY DISEASE (COPD)
  ☐ E-CIGARETTE, OR VAPING, PRODUCT USE ASSOCIATED LUNG INJURY (EVALI)
  ☐ ESPHYSEMA
  ☐ LIPOID PNEUMONIA
  ☐ LUNG TRANSPLANT
  ☐ OTHER SPECIFIED INTERSTITIAL PULMONARY DISEASE
  ☐ PNEUMONIA (any type) (specify): _____
  ☐ POPCORN LUNG/BRONCHIOLITIS OBLITERANS

☐ DEATH

☐ OTHER PERSONAL INJURIES (specify): _____

[INSERT ANY AND ALL OTHER PHYSICAL INJURIES]

9. The physical condition, injury or illness alleged in paragraph 8 occurred on or about: Plaintiff experienced nicotine poisoning in July 2019 and seizures in February 2019.


- 6 -
*IMANI (CLASS ACTION) vs. JLI, et al.* 3:20-cv1105-WHO-
AMENDED COMPLAINT -- SHORT-FORM COMPLAINT AND JURY DEMAND
(PERSONAL INJURY)

## V. CAUSES OF ACTION ASSERTED

10. The following Causes of Action asserted in the *Plaintiffs' Consolidated Master Complaint (Personal Injury),* and the allegations with regard thereto in the *Plaintiffs' Consolidated Master Complaint (Personal Injury),* are adopted in this *Short Form Complaint* by reference:

| Check if Applicable | Cause of Action Number | Cause of Action |
|---|---|---|
| ☒ | I | STRICT LIABILITY - DESIGN DEFECT |
| ☒ | II | STRICT LIABILITY - FAILURE TO WARN |
| ☒ | III | STRICT LIABILITY - MANUFACTURING DEFECT |
| ☒ | IV | PRODUCTS LIABILITY - NEGLIGENT DESIGN |
| ☒ | V | PRODUCTS LIABIITY –NEGLIGENT FAILURE TO WARN |
| ☒ | VI | PRODUCTS LIAIBILITY – NEGLIGENT MANUFACTURING |
| ☒ | VII | NEGLIGENCE AND/OR GROSS NEGLIGENCE |
| ☒ | VIII | NEGLIGENT FAILURE TO RECALL/ RETROFIT |
| ☒ | IX | NEGLIGENT MISREPRESENTATION |
| ☒ | X | FRAUD |
| ☒ | XI | FRAUDULENT CONCEALMENT |
| ☒ | XII | CONSPIRACY TO COMMIT FRAUD |
| ☒ | XIII | UNJUST ENRICHMENT |
| ☒ | XIV | VIOLATION OF OREGON AND CALIFORNIA UNFAIR TRADE PRACTICES/CONSUMER PROTECTION LAWS |
| ☒ | XV | BREACH OF EXPRESS WARRANTY |
| ☒ | XVI | BREACH OF AN IMPLIED WARRANTY OF MERCHANTABILITY |

## VI. ADDITIONAL CAUSES OF ACTION

> **NOTE**
>
> If Plaintiff wants to allege additional Cause(s) of Action other those selected in paragraph 10, the specific facts supporting any such additional Cause(s) of Action, must be pled in a manner complying with the requirements of the Federal Rules of Civil Procedure (*see* paragraph 11). In doing so you may attach additional pages to this *Short-Form Complaint*.

11.     Plaintiff asserts the following additional theories against the Defendants designated in paragraph 6 above:

> **SEE ATTACHED CLASS ALLEGATIONS**

**WHEREFORE**, Plaintiff, on behalf of himself and a class defined as "All Oregon residents who have purchased or used JUUL's electronic cigarettes or JUUL pods," prays for relief and judgment against Defendants for compensatory, treble, and punitive damages, medical monitoring to diagnose JUUL induced injuries at an earlier date to allow for timely treatment and prevention of exacerbation of injuries, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper, and such further relief as the Court deems equitable and just, and as set forth in the *Plaintiffs' Consolidated Master Complaint (Personal Injury).*

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all claims in this action.

Dated: April 13, 2020                Respectfully Submitted,
                                     HARE, WYNN, NEWELL & NEWTON, LLP

                                     By:      /s/ Scott A. Powell
                                         SCOTT A. POWELL (admitted *pro hac vice*)
                                         *Attorney for Plaintiff*

- 8 -

*IMANI (CLASS ACTION) vs. JLI, et al.* 3:20-cv1105-WHO-
AMENDED COMPLAINT -- SHORT-FORM COMPLAINT AND JURY DEMAND
(PERSONAL INJURY)

## CLASS ALLEGATIONS

1. Plaintiff, pursuant to Rule 23 of the Federal Rules of Civil Procedure, brings claims against JUUL Labs, Inc. and Altria Group, Inc. on behalf a class defined as:

> All Oregon residents who have purchased or used JUUL's electronic cigarettes or JUUL pods.

2. Excluded from the class are the Court and its officers, employees, and relatives; Defendants and their subsidiaries, officers, directors, employees, contractors, and agents; and governmental entities.

**A. Rule 23(a) is satisfied.**

3. The requirements of Rule 23(a)(1) are satisfied. The members of the class are so numerous that joinder of all of its members is impracticable; while the exact size of the class is not currently known, thousands of class members reside across Oregon.

4. Rule 23(a)(2) is satisfied because there are numerous questions of law and fact common to the class. Those questions include, but are not limited to:

    a. whether JUUL Labs, Inc. failed to disclose the nicotine content of its JUUL pods;

    b. whether JUUL Labs, Inc. failed to warn about the dangers of using its electronic cigarettes and JUUL pods;

    c. whether JUUL electronic cigarettes are fit for the ordinary purpose for which they are used;

    d. whether JUUL electronic cigarettes are unreasonably dangerous;

    e. whether it was foreseeable that minors would suffer harm from JUUL's electronic cigarettes;

    f. whether JUUL Labs, Inc. marketed its electronic cigarettes to minors;

    g. whether JUUL Labs, Inc. engaged in false, deceptive, unfair, or misleading advertising;

    h. whether JUUL Labs, Inc. was unjustly enriched by its conduct; and

    i. whether Altria Group, Inc. conspired with JUUL Labs, Inc.

- 9 -

*IMANI (CLASS ACTION) vs. JLI, et al.* 3:20-cv1105-WHO-
AMENDED COMPLAINT -- SHORT-FORM COMPLAINT AND JURY DEMAND
(PERSONAL INJURY)

5.  Rule 23(a)(3) is satisfied because Plaintiff's claims are typical of those of the class members.  Plaintiff is a member of the proposed class, Plaintiff was injured as a result of the same course of conduct by JUUL Labs, Inc. and Altria Group, Inc. that harmed the other class members, and there are no unique defenses that JUUL Labs, Inc. and Altria Group, Inc. would have to Plaintiff's claims.

6.  Rule 23(a)(4) is satisfied because Plaintiff will fairly and adequately protect the interests of the class.  Plaintiff has no conflict with the absent class members and Plaintiff's counsel is experienced in handling class action litigation.

**B. Rule 23(b) is satisfied.**

7.  Rule 23(b)(1) is satisfied.  Plaintiff seeks determinations that JUUL Labs, Inc. and Altria Group Inc.'s conduct, which has similarly affected millions of individuals, violated the applicable legal standards and further seeks orders directing JUUL Labs, Inc. and Altria Group, Inc. to take remedial measures.  The prosecution of separate actions by individual members of the class would create a risk of varying or inconsistent adjudications with respect to individual members of the class which would establish incompatible standards of conduct for JUUL Labs, Inc. and Altria Group, Inc.  Also, adjudications with respect to individual members of the class would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

8.  Rule 23(b)(2) is satisfied. JUUL Labs, Inc. and Altria Group, Inc. have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole. Specifically, their actions led to a youth vaping crisis, and millions of American adolescents and young adults are now addicted to JUUL Labs, Inc.'s nicotine-containing product.  To address this crisis, Plaintiff seeks orders directing JUUL Labs, Inc. and Altria Group, Inc. to change their business practices, provide appropriate warnings to consumers, and provide treatment—including addiction therapy and medical monitoring—to JUUL users.

9. Rule 23(b)(3) is satisfied. Questions of law or fact common to the members of the class, including those identified above, predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment will permit large numbers of similarly-situated persons to prosecute their respective class claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, and expense that numerous individual actions would produce.